2024 IL App (4th) 230967-U
NOS. 4-23-0967, 4-23-0968 cons.
IN THE APPELLATE COURT
FOURTH DISTRICT

NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

FILED
January 9, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| MARK ANTHONY PEREZ, | ) | Nos. 23CF729 |
| Defendant-Appellant. | ) | 23CF730 |
| | ) | |
| | ) | Honorable |
| | ) | Norma Kauzlarich, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Lannerd concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court reversed, finding the circuit court abused its discretion in denying defendant pretrial release.

¶ 2   Defendant, Mark Anthony Perez, appeals the circuit court's order denying his pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), which was recently amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (resetting the Act's effective date to September 18, 2023).

¶ 3   On appeal, defendant argues the State failed to present clear and convincing evidence of his high likelihood for willful flight and, likewise, failed to sufficiently prove that no

condition or combination of conditions could mitigate the risk of willful flight. The State contends no error occurred and urges us to affirm. We reverse.

¶ 4                                                  I. BACKGROUND

¶ 5              On October 5, 2023, the State filed a verified petition to deny defendant pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)), as amended by the Act. The State alleged defendant had been charged with two counts of unlawful possession of a stolen motor vehicle, Class 2 felonies (625 ILCS 5/4-103(a) (West 2022)). The State sought to detain defendant pursuant to section 6.1(a)(8) of the Code, namely, "The defendant has a high likelihood of willful flight to avoid prosecution and is charged with *** a felony offense other than a Class 4 offense." (citing 725 ILCS 5/110-6.1(a)(8) (West 2022)). The petition included the following factual basis for detention:

> "On 9/03/23 Officer Compton responded to 1637 28th
> Ave[nue] after [defendant's] dad called to report that [defendant]
> had shown up at home in the early hours with a vehicle (black
> Chrysler 300) that had Green Chevrolet dealership placard;
> [Defendant] is unemployed and has no money; [Defendant] told
> his dad he'd bought the car and the keys hadn't been ready until
> that morning so he picked it up; Video from Green shows
> [defendant] on the lot shortly after midnight as he walks up to the
> black Chrysler, enter the vehicle and drive off; [Defendant] had the
> key fob on his person; After defendant had been released from
> RICO jail he again went back to Green and took a 2024 Chevy
> Silverado VIN # 1GCUDJEDXRZ103491 which too was

recovered at his house. NOTE: on 10-5-23, defendant was apprehended at Green again, a janitor said he looked like he was trying to get into the building."

As an additional ground for denying pretrial release, the State's petition noted defendant failed to appear before the circuit court on October 3, 2023.

¶ 6    The record indicates defendant appeared for a detention hearing on October 5, 2023, but the circuit court allowed the State 24 hours to file an amended petition. So, the next day, defendant appeared for another detention hearing. However, the State never filed an amended petition. The State's proffer recited the information presented in its original petition. Defense counsel countered by noting the statutory definition for "willful flight" includes "intentional conduct with the purpose to thwart judicial process to avoid prosecution." Counsel further noted "isolated instances of nonappearance in court alone are not evidence of the risk of willful flight." Since the only reason the State cited to support willful flight was defendant's one failure to appear, counsel argued, "Under the statute, I don't think they can meet their burden because the one instance they described is specifically referenced in the statute as something that the Court should not consider in determining whether or not willful flight would be present."

¶ 7    The State countered by arguing section 110-2 instructs "the pretrial release section shall be liberally construed by the court" to effect multiple purposes besides releasing defendants—like protecting the safety of persons and communities, ensuring defendants do not obstruct the criminal justice system, and ensuring defendants comply with all conditions of release (725 ILCS 5/110-2 (West 2022)). The State, therefore, reasoned "there is not just one single definition of willful flight risk. I believe there are numerous factors that the Court is allowed to take into consideration before deciding if detention is the least restrictive alternative."

¶ 8         Responding to the State's rebuttal argument, the circuit court referenced the pretrial bond report, which indicated defendant "is on probation for two prior felony matters for the exact same offense." The State said it did not have the report, and defense counsel never indicated whether he had the report. After some confusion about what actually occurred during the hearing the prior day, the court eventually granted the State's petition, reasoning:

> "Based on the fact that [defendant] is currently on probation for two felony matters that provides a combination of circumstances and conditions that he comply with the law, which I believe that the Court is still allowed to consider under the willful flight standard, and that he has failed to appear in the past and he's refused the pretrial bond interview ***. *** I'm going to grant the petition for detention and deny the release."

The court issued a written order for detention, indicating it found by clear and convincing evidence defendant met the willful flight standard. The court's order noted it found less restrictive conditions would not assure defendant's appearance based on his current "probation for 2 felony offenses for poss[ession] of [a] stolen motor vehicle."

¶ 9         Later the same day, on October 6, 2023, defendant filed a notice of appeal pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Sep. 18, 2023). The form notice of appeal indicated two relevant bases for vacating the detention order: (1) the State failed to meet its burden in proving willful flight because of "[i]nsufficient facts alleged in [the] State's proffer" and (2) the circuit court erred in determining no condition or combination of conditions would reasonably ensure defendant's appearance because of "Insufficient facts alleged by [the] court [and] in [the] State's proffer." The form notice also alleged "Other" grounds, namely the "Court

relied on factors not alleged in the petition." Defendant's counsel then filed a memorandum in support of his Rule 604(h) appeal, laying out the reasons for reversing the circuit court's decision.

¶ 10                                    II. ANALYSIS

¶ 11        We review a circuit court's decision regarding pretrial release for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. We have said, "[a] court abuses its discretion by issuing a decision that is arbitrary, fanciful, or unreasonable—a decision with which no reasonable person would agree." *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 12 (citing *Inman*, 2023 IL App (4th) 230864, ¶ 10)). Likewise, we recently noted our supreme court "has also found 'a [circuit] court abuses its discretion if it fails to apply the proper criteria when it weighs the facts.' " *People v. Jones*, 2023 IL App (4th) 230837, ¶ 30 (quoting *People v. Ortega*, 209 Ill. 2d 354, 360, 808 N.E.2d 496, 501 (2004)). We conclude the circuit court abused its discretion by misunderstanding and then misapplying the Code's "willful flight" standard. We, therefore, reverse and remand for proceedings consistent with this order.

¶ 12        The Code defines willful flight as:

"intentional conduct with a purpose to thwart the judicial process

to avoid prosecution. Isolated instances of nonappearance in court

alone are not evidence of the risk of willful flight. Reoccurrence

and patterns of intentional conduct to evade prosecution, along

with any affirmative steps to communicate or remedy any such

missed court date, may be considered as factors in assessing future

intent to evade prosecution." 725 ILCS 5/110-1(f) (West 2022).

Besides this definition, the only other guidance the Code gives to courts for evaluating "willful flight" is in section 110-3(c), which tells us "a nonappearance in court cured by an appearance in response to a summons shall not be considered as evidence of future likelihood of appearance in court" for purposes of willful flight risk assessment. 725 ILCS 5/110-3(c) (West 2022). From these two sections, we glean that courts can only consider recurring, uncured failures to appear as evidence for a high likelihood of willful flight under the Code. Here the record indicates defendant failed to appear only once, on October 3, 2023, yet the court considered it as a "condition" in the willful flight analysis. We hold the court improperly considered defendant's isolated nonappearance as evidence of willful flight.

¶ 13        The circuit court believed it could consider "a combination of circumstances and conditions that [defendant] comply with the law *** under the willful flight standard." The circumstances the court listed included defendant being on probation at the time of the offense, his one failure to appear, and his refusal to participate in a pretrial bond interview. However, the court did not articulate how these circumstances amount to intentional conduct by defendant to thwart the judicial process to avoid prosecution.

¶ 14        The circuit court's written order is also unhelpful in articulating the bases for the willful flight determination. The court put a handwritten "X" next to the "Willful Flight Standard (725 ILCS 5/110-6.1(a)(8) [(West 2022)])," indicating it found by clear and convincing evidence "the defendant poses a real and present threat of willful flight, and no condition or combination of conditions can mitigate the real and present threat of the defendant's willful flight." The order noted "less restrictive conditions would not assure the defendant's appearance in court" because "Defendant on (currently) probation for 2 felony offenses for poss[ession] of [a] stolen motor vehicle." There is no explanation for the court's willful flight determination, but only for the

less-restrictive-condition determination. Had the court explained its basis for finding defendant posed a real and present threat for willful flight, either when it made its decision on the record or in the written order, then perhaps its determination could withstand review.

¶ 15        But without sufficient explanation from the circuit court for its decision, we are left to speculate on the bases for the court's willful flight determination. From the court's comments on the record, it appears it conflated subsection 110-1(f) (the willful flight definition) and subsection 110-6.1(e)(3) (the eligibility provision). The former gives the court the basis for denying pretrial release. The latter, meanwhile, directs courts in the process of determining if a defendant should be detained. Specifically, subsection (e)(3) provides that before a court can order a defendant detained, it must determine "no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate *** the defendant's willful flight for offenses listed in paragraph (8) of this subsection (a)." 725 ILCS 5/110-6.1(e)(3) (West 2022). Since the Code's guidance on willful flight does not mention conditions or combinations of conditions to comply with the law but speaks in terms of intentional conduct to avoid prosecution, we believe the court conflated the analysis. It made an explicit finding that no condition or combination of conditions can mitigate defendant's risk of willful flight *before* it made a finding that defendant presented a high likelihood for willful flight. In fact, the court made no proper finding as to willful flight. Since the only intentional conduct potentially indicative of willful flight the court mentioned on the record—defendant's isolated nonappearance—is something the Code expressly prohibits courts from considering in this analysis, we must conclude it misapplied the law. See 725 ILCS 5/110-1(f) (West 2022). Ordinarily we presume the circuit court knows, follows, and applies the law (see *Inman*, 2023, IL App (4th) 230864, ¶ 14), but we cannot presume that here since the record affirmatively shows

the court ignored the willful flight definition, despite defense counsel directing the court's attention to it.

¶ 16    Accordingly, under these circumstances, we find the circuit court abused its discretion when it granted the State's verified petition and denied defendant pretrial release. It failed to apply the proper statutory criteria when it considered the State's proffer. See *Jones*, 2023 IL App (4th) 230837, ¶ 30.

¶ 17                                    III. CONCLUSION

¶ 18    For this reason, we reverse the circuit court's judgment.

¶ 19    Reversed.