NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231335-U

NO. 4-23-1335

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 1, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| RICHARD A. SIMS, | ) | No. 23CF1117 |
|     Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Scott J. Black, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Cavanagh and Knecht concurred in the judgment.

**ORDER**

¶ 1      *Held*: The trial court abused its discretion when denying defendant pretrial release.

¶ 2      Defendant, Richard A. Sims, appeals the trial court's decision to deny him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), hereinafter as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. For the reasons that follow, we reverse.

¶ 3      I. BACKGROUND

¶ 4      On November 8, 2023, the State charged defendant with possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2022)), a Class 2 felony offense, and multiple traffic offenses. It also filed a petition to deny defendant pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). The State alleged defendant was eligible for pretrial detention

and should be denied pretrial release based on his "high likelihood of willful flight to avoid prosecution."

¶ 5        The same day, defendant was present in court for his initial appearance in the matter, and the trial court conducted a detention hearing. To support its petition to deny defendant pretrial release, the State presented evidence by way of proffer, relying on a probable cause statement it presented to the court. That statement showed that on November 7, 2023, the Illinois State Police (ISP) received a report from a Livingston County law enforcement officer about a motorist driving a Dodge Charger erratically while traveling south on Interstate 55. The Dodge Charger also "did not have a registration plate affixed to it." ISP officers observed the vehicle and saw that it had a male driver. The officers did not activate their emergency lights but began to follow the vehicle, which accelerated and continued south before entering the median, crossing the northbound lanes of travel, and crashing. Officers observed a single male run from the vehicle. Additional officers arrived and established a perimeter to find the driver. Ultimately, defendant was observed walking through a cornfield in the area. Officers identified defendant as the driver of the Dodge Charger, and he was arrested.

¶ 6        Defendant voluntarily spoke with the police and reported that a friend ran out of gas and asked for his assistance. He stated his friend was the one driving the vehicle and he was only a passenger. Defendant also asserted that he had leapt from the moving vehicle on Interstate 55 before it crashed. The police noted that defendant appeared uninjured, would not provide the name of the friend he claimed was driving the vehicle, and did not explain why he had leapt from a moving vehicle. Finally, the police contacted the owner of the Dodge Charger, who stated that it had been stolen from a business in Bloomington, Illinois, where he had taken it for repairs.

¶ 7    To support its petition, the State further relied on defendant's criminal history. Specifically, it asserted defendant had (1) prior juvenile adjudications for felony unlawful possession of a firearm and misdemeanor violation of the Illinois Firearm Owners Identification Card Act (430 ILCS 65/1 *et seq.* (West 2014)) from two cases arising in 2015, (2) a conviction for driving with an expired driver's license from a traffic case arising in 2016, (3) a felony conviction for aggravated battery from a case arising in 2016, (4) a felony conviction for unlawful use of a weapon by a felon, resulting in a sentence to the Illinois Department of Corrections, from a case arising in 2017, (5) a misdemeanor conviction for resisting a police officer from a case arising in 2018, (6) a misdemeanor conviction for possession of cannabis from a case arising in 2018, and (7) a conviction for speeding from a traffic case arising in 2021.

¶ 8    Finally, the State relied on a public safety assessment report filed in the case. The report stated defendant received a score of four out of six on both a "New Criminal Activity Scale" and a "Failure to Appear Scale." (We note there is nothing in the record explaining the numerical scoring or significance of the scores, either in the report itself or the prosecutor's references to it at the hearing on the petition.) Additionally, the report showed defendant had one "Prior Failure to Appear Pretrial in [the] Past [Two] Years," but no prior failures to appear that were older than two years.

¶ 9    Defendant also presented evidence by way of proffer. Defendant's counsel noted that defendant had completed court supervision in his prior 2016 and 2021 traffic cases. He asserted that the State's probable cause statement did not reflect that defendant intentionally fled from the police, where the police officers had not activated their emergency lights or sirens. He also noted there was no allegation that defendant struggled with the police when he was arrested. Additionally, counsel stated that defendant had obtained his general equivalency diploma and that

he was "enrolled *** for one semester at Heartland." Defendant was employed on a part-time basis for a cleaning service, where he had worked for four months. Finally, counsel noted defendant's mother and sister were present in the courtroom and reported that they relied on defendant for his income, and he cared for his minor children. Defendant's mother and sister also asserted that defendant did not have a history of failing to appear in court.

¶ 10 Following argument by the parties, the trial court granted the State's petition and denied defendant pretrial release, concluding defendant posed a high risk of willful flight. When orally setting forth its ruling at the detention hearing, the court stated that to deny defendant pretrial release, it had to find (1) that the proof was evident and the presumption great that defendant committed a detainable offense and (2) that no condition or combination of conditions could mitigate defendant's high likelihood of willful flight. After noting the definition of "willful flight" contained in the Code, the court held the State had met its burden of proof. It found the evidence indicated defendant saw the police while driving the Dodge Charger and then clearly attempted to evade or elude them. It also noted that defendant's actions in driving across oncoming lanes of travel when fleeing from the police was "very dangerous" and that his statements to the police "indicated deception." Further, the court stated that in finding the State met its burden of proof, it relied upon defendant's prior conviction for resisting a police officer and the information contained in his public safety assessment report.

¶ 11 The trial court entered its written order the same day as the hearing. In its order, the court made findings that defendant was detainable based upon willful flight grounds, in that clear and convincing evidence established that (1) the proof was evident or the presumption great that defendant committed a detainable offense and (2) no release condition or combination of conditions could mitigate defendant's high likelihood of willful flight. In setting forth the reasons

for its denial of pretrial release, the court made findings that defendant was unlikely to appear voluntarily or reliably for proceedings in the case or to comply with any release conditions. Finally, it also determined that less restrictive conditions would be ineffective because (1) community or individual safety could not "be meaningfully achieved with available conditions of pretrial release" and (2) there was "a high likelihood Defendant would not voluntarily/reliably appear in court if not incarcerated until trial."

¶ 12       This appeal, pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), followed.

¶ 13                              II. ANALYSIS

¶ 14       Defendant appeals from the trial court's detention order, seeking his "[r]elease with conditions." As grounds for his requested relief in his notice of appeal, defendant asserted that (1) the State failed to prove the proof was evident or the presumption great that he committed the charged offense, (2) the State failed to prove that no condition or combination of conditions could mitigate his willful flight, and (3) the court erred in finding no condition or combination of conditions would reasonably ensure his appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor offense. When elaborating on his alleged grounds in his notice of appeal, defendant also raised contentions that suggested a challenge to whether he posed a high likelihood of willful flight to avoid prosecution.

¶ 15       On appeal, defendant has filed a Rule 604(h) memorandum, asserting the trial court's detention order should be reversed because "the State failed to prove there was a high likelihood of willful flight that could not be mitigated with conditions of release and the trial court completely failed to consider conditions of release that could mitigate this alleged risk." More specifically, defendant contends the court erred by relying solely on his attempts to evade arrest as

support for finding that he posed a risk of willful flight because such circumstances do "not show he was a flight risk to avoid future prosecution." Defendant also argues the State failed to present any evidence that conditions of release could not mitigate the risk of willful flight and that the court erred by failing to explain why release conditions could not mitigate the risk of flight.

¶ 16                    A. Statutory Provisions and Standard of Review

¶ 17          The Code provides that all defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). However, upon verified petition by the State, the trial court may deny a defendant pretrial release where the defendant has committed a detainable offense as set forth in section 110-6.1(a) of the Code (*id.* § 6.1(a)). Relevant to this appeal, a court may deny a defendant pretrial release if the defendant "has a high likelihood of willful flight to avoid prosecution and is charged with *** [a] felony offense other than a Class 4 offense." *Id.* § 110-6.1(a)(8)(B).

> " 'Willful flight' means intentional conduct with a purpose to thwart the judicial process to avoid prosecution. Isolated instances of nonappearance in court alone are not evidence of the risk of willful flight. Reoccurrence and patterns of intentional conduct to evade prosecution, along with any affirmative steps to communicate or remedy any such missed court date, may be considered as factors in assessing future intent to evade prosecution." *Id.* § 110-1(f).

¶ 18          In cases like the one at bar, the State has the burden of proving by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant has committed a detainable offense as set forth in section 110-6.1(a) and (2) no condition or combination of conditions can mitigate the risk of defendant's willful flight. *Id.* § 110-6.1(e)(1), (3). Additionally, in its detention order, the trial court must "make a written finding

summarizing [its] reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not *** prevent the defendant's willful flight from prosecution." *Id.* § 110-6.1(h)(1).

¶ 19 The trial court's decision to deny a defendant pretrial release is reviewed for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. A court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position it has adopted. *Id.* ¶ 10. Also, " 'a trial court abuses its discretion if it fails to apply the proper criteria when it weighs the facts.' " *People v. Jones*, 2023 IL App (4th) 230837, ¶ 30 (quoting *People v. Ortega*, 209 Ill. 2d 354, 360, 808 N.E.2d 496, 501 (2004)).

¶ 20 B. Proof Defendant Committed the Charged Offense

¶ 21 Here, as to defendant's claim that the State failed to prove the proof was evident or the presumption great that he committed the charged offense, we find no abuse of discretion. In his notice of appeal, defendant elaborated on this claim by arguing "[t]he State did not establish whether [he] was aware of the vehicle's status as stolen." However, evidence at the detention hearing supports a reasonable inference of such knowledge by defendant. Specifically, it showed defendant, whom ISP officers were able to identify as the driver of the vehicle, accelerated after officers began to follow the Dodge Charger. He also attempted to evade the officers by driving into the median and across oncoming lanes of travel. After defendant crashed the vehicle, he ran from the scene. When later found walking through a cornfield, defendant provided an explanation of events that implausibly placed an unnamed individual in possession of the vehicle. Defendant's actions suggest consciousness of guilt.

¶ 22 C. High Likelihood of Willful Flight

¶ 23 As noted, defendant further argues on appeal that the trial court erred by relying on

his attempts to evade arrest to support a finding that he posed a high likelihood of willful flight to avoid prosecution. As to this claim, we conclude the court did abuse its discretion. In so holding, we find that two recent, unreported appellate decisions are instructive—*People v. Perez*, 2024 IL App (4th) 230967-U, and *People v. Quintero*, 2024 IL App (1st) 232129-U. See Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023) ( "[A] nonprecedential order entered under [Rule 23(b)] on or after January 1, 2021, may be cited for persuasive purposes.").

¶ 24        First, in *Perez*, 2024 IL App (4th) 230967-U, ¶ 9, the defendant appealed the trial court's order denying him pretrial release and argued, in part, that the State failed to meet its burden in proving a high likelihood of willful flight. This court held that the trial court applied the wrong " 'willful flight' standard" under the Code. *Id.* ¶ 11. We noted the definition of willful flight contained in section 110-1(f) of the Code (725 ILCS 5/110-1(f) (West 2022)) and also found "guidance *** for evaluating 'willful flight' " in section 110-3(c) of the Code (*id.* § 110-3(c)), which states that "[f]or the purpose of any risk assessment or future evaluation of risk of willful flight or risk of failure to appear, a nonappearance in court cured by an appearance in response to a summons shall not be considered as evidence of future likelihood of appearance in court." *Perez*, 2024 IL App (4th) 230967-U, ¶ 12. From those two sections, we gleaned that courts could "consider recurring, uncured failures to appear as evidence for a high likelihood of willful flight under the Code," and not an "isolated nonappearance." *Id.*

¶ 25        Further, we noted that the trial court "believed it could consider 'a combination of circumstances and conditions that [defendant] comply with the law,' " when denying release under the willful flight ground, including the "defendant being on probation at the time of the offense, his one failure to appear, and his refusal to participate in a pretrial bond interview." *Id.* ¶ 13. However, we noted that the court failed to articulate how such circumstances amounted "to

intentional conduct by [the] defendant to thwart the judicial process to avoid prosecution." *Id.* We also determined that the court "conflated" the willful flight definition in subsection 110-1(f) with the language of subsection 110-6.1(e)(3), which provides that when seeking detention, the State must prove that " 'no condition or combination of conditions *** can mitigate *** the defendant's willful flight.' " *Id.* ¶ 15 (quoting 725 ILCS 5/110-6.1(e)(3) (West 2022)). We stated as follows:

> "Since the Code's guidance on willful flight does not mention conditions or combinations of conditions to comply with the law but speaks in terms of intentional conduct to avoid prosecution, we believe the court conflated the analysis. It made an explicit finding that no condition or combination of conditions can mitigate defendant's risk of willful flight *before* it made a finding that defendant presented a high likelihood for willful flight. In fact, the court made no proper finding as to willful flight. Since the only intentional conduct potentially indicative of willful flight the court mentioned on the record—defendant's isolated nonappearance—is something the Code expressly prohibits courts from considering in this analysis, we must conclude it misapplied the law." (Emphasis in original.) *Id.*

¶ 26     Second, in *Quintero*, 2024 IL App (1st) 232129-U, ¶ 8, the defendant was denied pretrial release on willful flight grounds. On appeal, the First District noted he did not contest that he committed a qualifying offense or that he faced detainable charges under section 110-6.1(a). *Id.* ¶ 11. Rather, the defendant challenged the trial court's finding under subsection 110-6.1(e)(3) that no condition or combination of conditions could mitigate his risk of willful flight. *Id.* In particular, the defendant argued the court erred in considering his " 'flight from arrest' " when denying him pretrial release. *Id.* The First District framed the issue before it as "whether the trial court properly

- 9 -

considered evading police during arrest as 'willful flight to avoid prosecution' as contemplated by the [Code]." *Id.* ¶ 19.

¶ 27    Ultimately, the First District determined that a defendant's attempts to evade arrest could not be considered when determining whether a defendant had a high likelihood of willful flight to avoid prosecution under subsection 110-6.1(a)(8) and the definition found in section 110-1(f), but that such attempts could be considered when determining whether any condition or combination of conditions could mitigate a defendant's risk of flight under subsection 110-6.1(e)(3). *Id.* ¶ 22. Specifically, the court stated as follows:

"Looking at section 5/110-6.1(a)(8) of the [Code], we find that its plain language, coupled with the definition of willful flight as found in section 110-1(f) clearly refers to a defendant's willful avoidance of prosecution in court by failing to appear at court hearings and similar behaviors. Under a plain reading of this section, a defendant evading arrest would not trigger 'willful flight from prosecution' of section 110-6.1(a)(8) because arrest does not equal prosecution; the prosecution of the offense has not begun. However, we do find that the trial court could consider evasion of arrest under section 110-5(a)(5) of the [Code (725 ILCS 5/110-5(a)(5) (West 2022)] when considering pretrial release as that section specifically refers to obstruction or the attempted obstruction of the criminal justice system that would be posed by defendant's release. Arrest is clearly part of the criminal justice system. Thus, we find that the trial court's consideration of defendant's evasion of arrest was proper under the [Code]." *Id.*

¶ 28    The foregoing cases reflect that when determining under subsection 110-6.1(a)(8) whether the defendant may be detained based on "a high likelihood of willful flight to avoid

prosecution," (725 ILCS 5/110-6.1(a)(8) (West 2022)) the trial court is to consider only "intentional conduct with a purpose to thwart the judicial process to avoid prosecution" as provided in the Code's "willful flight" definition (See *id.* § 110-1(f)). Although evading arrest may be viewed as generally obstructing the criminal justice system, it does not reflect a thwarting of the judicial process, which "clearly refers to a defendant's willful avoidance of prosecution *in court* by failing to appear at court hearings and similar behaviors." (Emphasis added.) *Quintero*, 2024 IL App (1st) 232129-U, ¶ 22.

¶ 29        In this case, the State sought to detain defendant based on subsection 110-6.1(a)(8)(B) of the Code, which states that a defendant may be denied pretrial release if (1) "the person has a high likelihood of willful flight to avoid prosecution" and (2) the person is charged with a felony other than a Class 4 offense. 725 ILCS 5/110-6.1(a)(8)(B) (West 2022). However, like in *Perez*, the record indicates the trial court conflated the willful flight analysis under subsections 110-6.1(a)(8) and 110-1(f) of the Code with the analysis under subsection 110-6.1(e)(3), used to determine whether any pretrial release conditions could mitigate the defendant's risk of willful flight. At the detention hearing, the court cited an incorrect subsection when stating the basis under subsection 110-6.1(a) upon which the State sought to detain defendant, neglecting to reference subsection 110-6.1(a)(8). Although it noted the Code's definition of willful flight, it did so in reference to the finding it was required to make under subsection 110-6.1(e)(3).

¶ 30        Further, the record clearly shows the trial court relied heavily on defendant's attempt to flee from the police before his arrest when deciding to deny him pretrial release. However, as noted in *Quintero*, such an attempt is not pertinent to the threshold determination under subsection 110-6.1(a)(8) of whether a defendant poses a high likelihood of willful flight to avoid prosecution. Neither the court's comments at the detention hearing nor its written order

contain any explicit finding pertaining to the willful flight determination required by subsection 110-6.1(a)(8). Nor did the court explain how any of the factors it relied upon—defendant's evasion of arrest, his criminal history, or the information contained in his public safety assessment report— evidenced intentional conduct meant to thwart the judicial process. We note, in particular, that defendant's public safety assessment report indicated he had only a single failure to appear in court in the previous two years, which itself may not serve as evidence of willful flight under subsections 110-6.1(a)(8) and 110-1(f). See *Perez*, 2024 IL App (4th) 230967-U, ¶ 12 (stating the trial court erred by considering an isolated nonappearance as evidence of willful flight).

¶ 31    Given the circumstances presented, we find the trial court abused its discretion when it granted the State's petition to deny defendant pretrial release by failing to apply the proper statutory criteria for detention on willful flight grounds, and we reverse the court's order.

¶ 32                          D. Mitigating Conditions

¶ 33    As noted, defendant also argues on appeal that (1) the State failed to present any evidence that conditions of release could not mitigate the risk of willful flight and (2) the trial court erred by failing to explain why release conditions could not mitigate the risk of flight. However, given our finding that the court abused its discretion in making the threshold determination that defendant posed a high likelihood of willful flight, we find it unnecessary to address these additional issues.

¶ 34                          III. CONCLUSION

¶ 35    For the reasons stated, we reverse the trial court's judgment.

¶ 36    Reversed.