**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240232-U

Order filed July 15, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| | ) ) | Appeal Nos. 3-24-0232, 3-24-0234 |
| v. | ) ) | Circuit Nos. 23-CF-2190, 24-CF-543 |
| | ) | |
| JORGE L. MARTINEZ, | ) ) | Honorable David Carlson and Donald DeWilkins, |
| Defendant-Appellant. | ) | Judges, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

**ORDER**

¶ 1    *Held*: (1) The State failed to prove that defendant had a high likelihood of willful flight to avoid prosecution. (2) The court did not err in finding that there were no conditions to mitigate defendant's dangerousness

¶ 2    Defendant, Jorge L. Martinez, appeals his pretrial detention, arguing the State failed to prove he had a high likelihood of willful flight to avoid prosecution, and the court erred in granting

the State's petition where there were conditions to mitigate his dangerousness. We affirm in part and reverse in part.

¶ 3                                                I. BACKGROUND

¶ 4         Defendant, Jorge L. Martinez, was indicted on January 4, 2024, in case number 23-CF-2190 with two counts of aggravated fleeing or attempting to elude a peace officer (Class 3) (625 ILCS 5/11-204.1(a)(4), (b) (West 2022)). A warrant was issued for his arrest. Defendant was then charged on March 21, 2024, in case number 24-CF-543 with possession of a controlled substance with intent to deliver (Class X) (720 ILCS 570/401(a)(2)(A) (West 2022)), two counts of unlawful possession of a controlled substance (Class 1 and Class 4) (*id.* § 402(a)(2)(A), (c)), three counts of aggravated fleeing or attempting to elude a peace officer (Class 3) (625 ILCS 5/11-204.1(a)(2), (a)(3), (b) (West 2022)), and reckless driving (Class 4) (*id.* § 11-503(a)(1), (b-1)). Defendant was arrested, and the State filed verified petitions to deny pretrial release in each case under section 110-6.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1 (West 2022)).

¶ 5                                                A. 23-CF-2190

¶ 6         In 23-CF-2190, the State alleged that defendant had a high likelihood of willful flight to avoid prosecution. The factual basis provided that officers were conducting general surveillance. They observed a subject enter a black Sonata. They saw it pull out and observed that it had no rear registration light. They followed the vehicle, which made a right turn without stopping at the stop sign. They attempted to conduct a stop on the vehicle. The vehicle took off, ignoring two stop signs and a stop light. Their investigation revealed the car was registered to defendant's mother. They reviewed a photograph of defendant and identified him as the subject.

¶ 7         A hearing was held on March 22, 2024. The State provided the factual basis and argued that defendant posed a risk of willful flight to avoid prosecution, based on the fact that he was

charged with aggravated fleeing and eluding in two separate cases. Defense counsel stated that defendant had transportation to work and would abide by court orders. The court detained defendant, stating,

"By clear and convincing evidence I find that [defendant] poses a threat to individuals, to the community at large and quite frankly to society as a whole. Some of the allegations set forth in the petition include not just the idea that he, in this Court's opinion, fled from the police and was on pretrial release for fleeing from the police, but that he also hurt an 11 year old child in the process. And it appears that—I think it would be important to indicate on the record some of the issues set forth. And that includes that he traveled at a high rate of speed, swerving in and out of traffic and went airborne over the railroad crossing at 4:30 p.m. on a Tuesday afternoon, while allegedly, but based upon the petition, carrying in his vehicle, that he said wasn't his, what's purported to be 27 grams of rock cocaine, 9.8 grams of field-tested positive cannabis and 44 blue pills that will either come back as oxycodone, hydrochloride or fentanyl, once a confirmatory test is done."

¶ 8        Counsel pointed out that defendant was not on pretrial release in this case when committing another offense, but just had an outstanding warrant. The court stated that defendant did have a prior aggravated fleeing and eluding conviction. The State asked whether the court was also finding that defendant posed a flight risk and the court stated, "Yes."

¶ 9                                                    B. 24-CF-543

¶ 10        As to 24-CF-543, the State alleged that defendant committed a felony that involved the threat or infliction of great bodily harm, permanent disability, or disfigurement and his release posed a real and present threat to the safety of any person or the community. The factual basis

3

provided that on November 1, 2023, officers observed defendant disregard a red light. Defendant then traveled at a high rate of speed, swerved in and out of traffic, and "went airborne over a railroad crossing." The officers activated their emergency lights and attempted to catch up to the vehicle. Officers observed that defendant crashed into a fence on the lawn of a cemetery. Defendant exited the vehicle and began running. He was eventually taken into custody after falling to the ground.

¶ 11 Officers learned that during the crash, defendant struck an 11-year-old pedestrian. Defendant also crashed into another vehicle. On the passenger floorboard of the vehicle driven by defendant was a large plastic bag containing multiple small clear plastic baggies with a white rock-like substance, which tested positive for cocaine and weighed 27 grams. There were 44 blue pills stamped "M30", which were likely oxycodone, and 9.83 grams of cannabis. Defendant stated that he thought the officers were his enemies, and he did not want to be shot at so he took off. He denied ownership of the drugs and stated the vehicle was not his. Defendant was not the registered owner of the vehicle, but the owner was the same individual who owned the vehicle he used to flee in a prior case. A pretrial risk assessment indicated that defendant was a Level 3 risk, with Level 6 being the highest level of risk. Defendant's prior convictions included leaving the scene, aggravated feeling the police, domestic battery, aggravated unlawful use of a weapon, and unlawful possession of a handgun.

¶ 12 A hearing was held on March 21, 2024. The State provided the factual basis and defendant's criminal history. The State argued the nature and circumstances of the offense, the identity of the person or persons whose safety he was believed to pose a threat, defendant's history, and the fact that defendant was known to possess or have access to weapons. The State said there were no conditions that could mitigate the threat to the public. Defense counsel asked that

defendant be released, stating that he was working, had young kids that he assisted taking care of, and would be able to get to court without having to drive.

¶ 13    The court granted the State's petition, finding that it met its burden by clear and convincing evidence. The court stated that defendant committed a detainable offense and posed a real and present threat to the safety of the community. The court said it then had to make a determination as to whether there were conditions that could mitigate the real and present threat to the safety of the community. The court stated,

> "The Court finds the State has met their burden by clear and convincing evidence for the following reasons: The nature and circumstance of the offense charged. Let the record reflect I am not taking into consideration Counts, 3, 4 and 5 which are the Aggravated Fleeing and Eluding because I did not find [probable cause]. So I don't believe at this time that would be appropriate to consider that. But what the Court does have in front of us is Possession of a Controlled Substance with Intent to Deliver, a Class-X felony, Unlawful Possession of a Controlled Substance, a Class-1 felony, which I did find [probable cause].
>
> What the Court also finds troubling in this matter is the fact that there was an eleven-year-old child that was struck by the defendant's vehicle. Whether or not the defendant fled from the police, he left the scene of the accident where the minor child was struck and taken to the hospital and there was [sic] witnesses to that. The defendant also in this matter, there were observations of reckless driving, that he was driving at a high rate of speed, driving in the other land of traffic and weaving back and forth which, clearly, is a danger to the community in regards to that, for the facts in this matter."

5

¶ 14 The court stated that it was also taking into consideration defendant's history and characteristics, the age and physical condition of the minor child, and the fact that defendant was known to possess or have access to weapons. The court stated,

> "Taking all those things into account, the Court does not believe that there's a condition or combination of conditions that can protect not only the minor child but the community, in general, in this matter. Based on defendant's—I would almost call a horrific prior driving record where the community has been put in danger on at least three prior occasions, notwithstanding this case that I did not consider."

One written order was filed for both cases, on which the court checked boxes.

¶ 15                                                  II. ANALYSIS

¶ 16 On appeal, defendant argues that the State failed to prove (1) defendant posed a high likelihood of willful flight to avoid prosecution in 23-CF-2190 and (2) that no conditions could mitigate any threat he posed in 24-CF-543. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Mikolaitis*, 2024 IL App (3d) 230791, ¶ 8. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*

¶ 17 Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e). When determining a defendant's dangerousness and

6

the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 18                                                A. 23-CF-2190

¶ 19        We agree with defendant that the State failed to prove that he posed a high likelihood of willful flight to avoid prosecution. "Willful flight" is defined as "intentional conduct with a purpose to thwart the judicial process to avoid prosecution." *Id.* § 110-1(f).

> "Isolated instances of nonappearance in court alone are not evidence of the risk of willful flight. Reoccurrence and patterns of intentional conduct to evade prosecution, along with any affirmative steps to communicate or remedy any such missed court date, may be considered as factors in assessing future intent to evade prosecution." *Id.*

The State solely provided defendant's charges and prior conviction for aggravated fleeing and eluding as evidence of his likelihood of flight. This was not enough. See *People v. Slaten*, 2024 IL App (2d) 240015, ¶¶ 20-22. While defendant had a fairly extensive criminal history, there was no indication that he ever failed to appear in court. See *id.* ¶ 23. Therefore, we find that the court erred in detaining defendant on 23-CF-2190.

¶ 20                                                B. 24-CF-543

¶ 21        We cannot say that it was against the manifest weight of the evidence for the court to find that there were no conditions to mitigate defendant's dangerousness in 24-CF-543. The record available as to conditions is sufficient for our review. *People v. Hodge*, 2024 IL App (3d) 230543, ¶ 11. The State presented evidence as to the statutory factors, including the nature and circumstances of the offense and history and characteristics of defendant (see *id.* § 110-5). Defendant had a significant criminal history, including violent offenses. He committed both of

7

these cases with a few months. The court noted that defendant had a "horrific" driving record and continued to put the community in danger. In reaching its decision, the court considered the factors set forth in the statute. See *id.* Taking the evidence before us, we cannot say the court's decision to detain the defendant was an abuse of discretion.

¶ 22                                    III. CONCLUSION

¶ 23          The judgment of the circuit court of Will County is affirmed in part and reversed in part.

¶ 24          Affirmed in part. Reversed in part.