2024 IL App (1st) 2129-U

No. 1-23-2129B

Order filed January 18, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 111251101 |
| | ) | |
| EDWIN QUINTERO, | ) | Honorable |
| | ) | Maryam Ahmad, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices C.A. Walker and Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court abused its discretion where it found that no condition or combination of conditions could mitigate defendant's willful flight but did not articulate specific alternative restrictions that it considered and did not specify why those specific alternatives would not mitigate defendant's likelihood of willful flight.

¶ 2    Defendant-appellant Edwin Quintero, by and through his attorney, brings this appeal under

Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023) challenging the trial court's order entered

on September 28, 2023, pursuant to what is commonly known as the Pretrial Fairness Act.[1] Defendant was charged with possession of a stolen motor vehicle, aggravated fleeing and damage greater than $300, and aggravated assault of a peace officer with a motor vehicle. After hearing, the trial court granted the State's petition to detain defendant, on a willful flight risk basis, and denied defendant pretrial release. Defendant filed a timely notice of appeal on October 5, 2023, and a Rule 604(h) memorandum, and the State filed a memorandum in response. For the following reasons, we reverse and remand.

¶ 3                                      BACKGROUND

¶ 4     A summary of the relevant evidence proffered by the parties during the hearing on the State's Petition for Detention is as follows: On September 27, 2023, officers received a license plate reader hit for a stolen vehicle and attempted to curb the vehicle. The vehicle did not stop until it subsequently crashed and became stuck between a wall and light pole. An officer exited his squad car, walked in front of the crashed vehicle, and demanded that the occupants exit the vehicle. According to the State, defendant was in the driver's seat. The vehicle then accelerated in the direction of the officer but did not hit him. The front driver's side tire blew out. Another squad car approached the vehicle on the left side and a city work truck moved in front of the vehicle, making it difficult for the vehicle to drive away. At this point, defendant got out of the crashed vehicle and attempted to run but was detained within a half block of the vehicle. Defendant reportedly made

---

[1] In 2021, the General Assembly passed two separate acts that "dismantled and rebuilt Illinois's statutory framework for the pretrial release of criminal defendants." *Rowe v. Raoul*, 2023 IL 129248, ¶4 (discussing Pub. Act 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023) (amending 725 ILCS 5/art. 110) (the Pretrial Fairness Act) and Pub. Act 102-1104 (eff. Jan. 1, 2023) (the Follow-Up Act).

post-*Miranda* statements indicating that while he knew the vehicle was stolen, he did not try to hit the police officer.

¶ 5    In mitigation, the defense proffered that defendant was 19 years old and a lifelong resident of Chicago. His mother and pregnant fiancée, with whom he already had one child, were present in court during the detention hearing to support him. Defendant had completed three years of high school, received a food handling certificate, and worked as a dishwasher at a restaurant.

¶ 6    The State conceded that defendant had no punishable background. His entire criminal history consists of a pending minor traffic matter for failing to obey a traffic signal, and a dismissed domestic battery case that resulted in an order of protection against him. He missed one traffic court date but had no failures to appear or violations on the order of protection. As such, he scored a two for new criminal activity and a one for failure to appear on the pretrial services assessment.

¶ 7    Nevertheless,  the State argued that defendant had a high likelihood of willful flight because of his multiple attempts, during the instant encounter, to avoid arrest. Defendant responded that it was improper to conflate alleged flight from police officers with intention to thwart the judicial process to avoid prosecution because the police officers are not members of the judiciary, and further that there were conditions that could be imposed short of detention.

¶ 8    The trial court agreed with the State that "flight from law enforcement officers is flight from prosecution because officers trigger the prosecution process." Accordingly, the trial court found that defendant had a high likelihood of flight to elude prosecution and ordered that the defendant be detained and remanded to the custody of the Cook County Sheriff pending trial. The trial court then read defendant his rights and then noted for the record that "no least restrictive condition, based on these allegations, can ensure defendant's return to court or mitigate the risk to

public safety." The trial court further indicated in the detention order that no condition or combination of conditions could mitigate defendant's willful flight because "defendant has shown an inability to comply with the commands of law enforcement officers, in disregard of his safety, and others. He has also demonstrated his refusal (unless forced) to comply and accede to the judicial system." The trial court also stated that defendant posed a real and present threat to the safety of any person or persons or the community because "defendant refused to comply with law enforcement officers; he crashed into a building and pole trying to flee and drove at an officer. It took a city truck and another car to stop him."

¶ 9    Defendant's appeal was timely filed within 14 days, thereby conferring jurisdiction upon this court. In considering this appeal, we have reviewed the following documents that were submitted pursuant to Rule 604(h): defendant's Notice of Pretrial Fairness Act Appeal, defendant's supporting memorandum, and the State's response memorandum.

¶ 10                                    ANALYSIS

¶ 11    On appeal, defendant does not contest that the State met its burden of proving by clear and convincing evidence that the proof was evident and the presumption great that he committed a qualifying offense or that the charges are detainable under 725 ILCS 5/110-6.1 (West 2022). Instead, defendant challenges whether the State met its burden of proving by clear and convincing evidence that he had a high likelihood of willful flight to avoid prosecution and that no condition or combination of conditions could mitigate that risk. Id. § 5/110-6.1(e)(3). Defendant contends that the legislature dramatically changed the statutory framework for pretrial release and in so doing intentionally deleted the "flight from arrest" language of section 110-5(a) (725 ILCS 5/110-5(a) (West 2022)), but  left "flight from prosecution" in section 110-1(f) (725 ILCS 5/110-1(f)

(West 2022)). He contends that the change evidenced the legislature's intent to remove 'flight from arrest' as a consideration when determining pretrial release. Additionally, defendant contends that the trial court erred in determining that no condition or combination of conditions would reasonably ensure his appearance for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor; and in *sua sponte* considering whether defendant posed a real and present threat to the safety of any person or persons or the community without a verified petition filed by the State on that basis.

¶ 12    The State responds that defendant misstates the 2022 version of section 110-5(a) of the Act and instead refers to the 2021 version prior to its amendment. Additionally, the State contends that the amendment to section 110-5(a) allows the trial court to consider the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process that would be posed by defendant's release, which would include his evasion of arrest. 725 ILCS 5/110-5(a)(5) (West 2022). The State further contends that the Act does not list any factors to consider whether a defendant has a high likelihood of willful flight to avoid prosecution, and the plain language of section 110-5(a)(5) does not limit what facts the trial court can consider when making such a determination. Further, the State argues that it is irrelevant that a definition for willful flight was included in section 110-1(f) (725 ILCS 5/110-1(f) (West 2022)) because that term does not appear in section 110-5(a)(5). Based on the language contained in section 110-5(a)(5), the State contends that the avoidance of arrest is included in the obstruction of or attempt to obstruct the criminal justice process because all cases subject to the Act are dependent upon arrest. Defendant's use of violence and multiple attempts to avoid arrest, including twice trying to elude the police by car and once on foot, fully established that no conditions would mitigate defendant's willful flight

where he did not place the safety of others above his own self-interest in avoiding arrest, hence proving that no conditions could mitigate defendant's willful flight.

¶ 13    However, the State agrees that the trial court erred in making a *sua sponte* finding that defendant's continued detention was justified where he posed a real and present threat to the safety of any person or persons or the community because it did not file a verified petition setting forth the grounds, including specific articulable facts, that defendant posed a real and present threat to the safety of any person(s) or the community as required by 725 ILCS 5/110-6.1(d)(1) (West 2022).

¶ 14    Pretrial release is governed by Article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq* (West 2022)). Under the Code, all persons charged with an offense are eligible for pretrial release before conviction. 725 ILCS 5/110-2(a) (West 2022).

¶ 15    Pursuant to the Code, a defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2022). Upon the State's filing of a verified petition requesting denial of pretrial release, the State has the burden of proving by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-2; 5/110-6.1(a)(1.5), (4), (8) (West 2022).

¶ 16    At all pretrial hearings, the prosecution has the burden of proving by clear and convincing evidence that any condition of release is necessary. 725 ILCS 5/110-2(b) (West 2022). In any order

for detention, the court shall make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(h)(1) (West 2022). Section 110-1(f) defines willful flight as "intentional conduct with a purpose to thwart the judicial process to avoid prosecution; isolated instances of nonappearance in court alone are not evidence of the risk of willful flight; and reoccurrence and patterns of intentional conduct to evade prosecution and affirmative steps to communicate or remedy any missed court date can be considered. 725 ILCS 5/110-1(f) (West 2022).

¶ 17    A circuit court's finding that the State presented clear and convincing evidence that mandatory conditions of release would fail to protect any person or the community, and/or that the defendant had a high likelihood of willful flight to avoid prosecution, or that the defendant failed to comply with previous conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release, will not be reversed unless those findings are against the manifest weight of the evidence. *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill.2d 322, 332 (2008). Under this standard, we give deference to the trial court as the finder of fact as it is in the best position to observe the conduct and demeanor of the witnesses." *Deleon*, 227 Ill. 2d at 332.

¶ 18    Here, the trial court based its decision to deny defendant pretrial release primarily on its determination that defendant posed a flight risk to avoid prosecution under the Act. The trial court emphasized and reiterated both orally and in the written order that "flight from law enforcement officers [was] flight from prosecution because officers trigger the prosecution process;" "Defendant has shown an inability to comply with the commands of law enforcement officers;" and "Defendant refused to comply with law enforcement officers[-] he crashed into a building and pole trying to flee and drove at an officer." This was despite defendant's pretrial assessment score of one for failure to appear and two for new criminal activity. And, notwithstanding defendant's minimal criminal history, family support, and employment.

¶ 19    We must therefore determine whether the trial court properly considered evading police during arrest as "willful flight to avoid prosecution" as contemplated by the Act.

¶ 20    This is an issue of statutory interpretation which we review *de novo. People v. Gutman*, 2011 IL 110338, ¶ 12. The primary objective of statutory construction is to ascertain and give effect to the legislature's intent. *Id.* The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. *Id.* We view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation. *Id.* Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous. *Id.* The court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. *Id.* Also, a court presumes that the legislature did not intend to create absurd, inconvenient, or unjust results. *Id.* Pursuant to the rule of lenity, ambiguous criminal statutes will generally be construed in the defendant's favor. *Id.* However, the rule of lenity is subordinate to

our obligation to determine legislative intent, and it will not be construed so rigidly as to defeat legislative intent. *Id.*

¶ 21    As noted above, the trial court may deny pretrial release only after a hearing on verified petition filed by the State if the person has a high likelihood of willful flight to avoid prosecution and is charged with any felony described in subdivisions (a)(1) through (a)(7) of this Section or a felony offense other than a Class 4 offense. 725 ILCS 5/110-6.1(a)(8) (West 2022). Section 110-1(f) defines willful flight. 725 ILCS 5/110-1(f) (West 2022). However, section 110-5(a)(5) allows the trial court to consider the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process that would be posed by defendant's release. 725 ILCS 5/110-5(a)(5) (West 2022).

¶ 22    We do not find the language of the Act to be ambiguous and find that the legislature's intent can be ascertained from the plain language of the Act. Looking at section 5/110-6.1(a)(8) of the Act, we find that its plain language, coupled with the definition of willful flight as found in section 110-1(f) clearly refers to a defendant's willful avoidance of prosecution in court by failing to appear at court hearings and similar behaviors. Under a plain reading of this section, a defendant evading arrest would not trigger "willful flight from prosecution" of section 110-6.1(a)(8) because arrest does not equal prosecution; the prosecution of the offense has not begun. However, we do find that the trial court could consider evasion of arrest under section 110-5(a)(5) of the Act when considering pretrial release as that section specifically refers to obstruction or the attempted obstruction of the criminal justice system that would be posed by defendant's release. Arrest is clearly part of the criminal justice system. Thus, we find that the trial court's consideration of defendant's evasion of arrest was proper under the Act.

¶ 23    Next, defendant contends that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate his willful flight under section 110-6.1(e)(3) of the Act (725 ILCS 5/110-6.1(e)(3) (West 2022)). He points to the State's failure to specifically address any one condition or any combination of conditions and why those conditions would be insufficient.

¶ 24    The State responds that defendant's use of violence and multiple attempts to avoid arrest, including twice trying to elude the police by car and once on foot fully established that no conditions would mitigate defendant's willful flight where he did not place the safety of others above his own self-interest in avoiding arrest.

¶ 25    Section 110-6.1 of the Act (725 ILCS 5/110-6.1 (West 2022)) provides that all defendants shall be presumed eligible for pretrial release and the State has to prove by clear and convincing evidence that no condition or combination of conditions set forth in subsection (b) of Section 110-10 can mitigate the defendant's willful flight for offenses listed in paragraph (8) of subsection (a). That paragraph includes forcible felonies such as those defendant is charged with. Contrary to the State's assertion, the record does not indicate that the trial court considered any less restrictive means to pretrial detention. The Act requires that in any order for detention, the court shall make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(h)(1) (West 2022). There is no evidence in the record that the trial court considered any alternatives to defendant's detention in violation of the Act; thus, we conclude that its order

denying pretrial release was an abuse of discretion and remand for consideration of defendant's detention alternatives. In doing so, we are not making any finding that defendant is entitled to or must receive pretrial release; we are remanding based on our finding that the record contains no evidence that the trial court considered any detention alternatives as required by the statute prior to ordering defendant's confinement.

¶ 26    We also find that the portion of the trial court's detention order that concluded that defendant's pretrial release posed a real and present threat to the safety of any person or persons, or the community was error. As both parties agree, the State did not file a verified petition setting forth the grounds, including specific articulable facts, that defendant posed a real and present threat to the safety of any person(s) or the community, thus such finding was error, and we reverse that portion of the trial court's findings.

¶ 27                             CONCLUSION

¶ 28    For the foregoing reasons, we reverse the order of the Circuit Court of Cook County requiring defendant's pretrial detention entered on September 28, 2023, and remand for consideration of defendant's detention alternatives.  Mandate shall issue instanter.

¶ 29    Reversed and remanded.